PLOTKIN, Judge.
Appellants Jefferson Downs Corporation and Fair Grounds Corporation appeal a trial court judgment affirming a decision by the Louisiana Racing Commission, which granted a license to operate an offtrack betting facility (OTB) in Richwood, Quachi-ta Parish, to all five Louisiana horse racing facilities. Appellants contest the Commission’s decision to amend the application for the OTB to include Louisiana Downs, Inc. because Louisiana Downs failed to participate in an earlier application for a parish-wide OTB facility. We reverse.

Facts:

On November 17, 1988, Jefferson Downs filed an application with defendant Louisiana Racing Commission to operate an OTB facility in Ouachita Parish. Pursuant to LSA-R.S. 4:215(C), the Commission notified the other four horse racing facilities in the state of the pending application. Three of the other four tracks elected to participate in the application; Louisiana Downs failed to respond to the notice within 30 days, thus losing its right to participate in the application under the provisions of LSA-R.S. 4:215(C)(3). Pursuant to the application by the four tracks other than Louisiana Downs, the Commission requested the Ouachita Parish Police Jury to conduct a referendum on the issue.
*389 However, the Ouachita Parish Police Jury refused to honor that request. Thereafter, the Louisiana legislature changed the law to allow State racing facilities to pursue an application for an OTB facility in any “city, town, or municipality” in any parish where a request for an offtrack reference had previously been “voided.” LSA-RS 4:214(A)(2)(b)(i). The original four racetracks then resubmitted their application to the Commission, seeking a license to operate an OTB facility within the Town of Richwood. The Commission approved the request for a preliminary license and requested the Town of Richwood to conduct a referendum on the issue.
Thereafter, Louisiana Downs learned of the application for a license to conduct an OTB within the Town of Richwood at a meeting of the Commission on August 80, 1990. At that time, Louisiana Downs requested to be included in that new application. The four original applicants objected, based on their contention that they had spent considerable sums of money pursuing the application. After initially instructing the five racetracks to work out a solution to the problem, the Commission eventually approved the application, adding Louisiana Downs as a participant in the new facility. Of the four original applicants, only Jefferson Downs Corporation and Fairgrounds Corporation appeal.

Issue

The sole issue in this appeal is whether a racing facility which previously chose not to participate in an application for a parish-wide OTB facility has the right to participate in a subsequent application for an OTB facility in a specific municipality.

Analysis:

The applicable law at issue states as follows:
(b)(i) After a request by the commission to a parish governing authority for an offtrack referendum is voided for any reason, the original applicant may either:
(aa) Resubmit the application for licen-sure, and the commission shall submit a new request for an offtrack referendum election to the parish governing authority; or
(bb) Submit a new application to the commission for licensure of an offtrack wagering facility in any city, town, or municipality within the parish, and the commission shall request the governing authority of such city, town, or municipality to hold an offtrack referendum election. (Emphasis added.)
LSA-R.S. 4:214(A)(2)(b). The above statute has not previously been interpreted by Louisiana caselaw; thus this is a case of first impression.
The controversy between the parties to this case focuses on the interpretation of the two phrases “original applicant” and “new application” in the above statute. Appellants contend that the use of the phrase “original applicant” in the main part of the statute indicates that the legislature intended that only those racing facilities which had previously applied for a parish-wide OTB license would be eligible to apply for a license for an OTB within a specific municipality. Louisiana Downs contends that the use of the words “new application” indicates that the provisions of LSA-R.S. 4:215(0), which require that the Commission notify all “eligible participants” of a pending application, should apply. Louisiana Downs contends that the Commission recognized that it had failed to give proper notice of the pending application and thus simply approved a joint application of all five tracks. Louisiana Downs and the Racing Commission argue that the Commission has the authority to take this action under its legislative mandate to permit the maximum development of the horse racing business in the State.
However, our review of the pertinent statutes reveals that the Commission’s action was improper. The procedure for filing an application for an OTB in a specific municipality after a parish-wide license application has been voided is established by LSA-R.S. 4:214, quoted in full above. That statute specifically provides that only the “original applicant” can file a “new application.” Nothing in that statute requires notification of any horse racing facility *390 which previously failed to participate in a parish-wide application.
Moreover, LSA-R.S. 4:215(C), on which Louisiana Downs bases its argument that it was entitled to notification of the pending application, expressly applies only to applications for licenses to operate parish-wide facilities. The last sentence in that subsection states that “[ajpplicants who fail to respond within thirty days will not be eligible to participate in any offtrack wagering facility in the parish.” Unquestionably, Louisiana Downs failed to respond to the notice of the pending application for an OTB facility in Ouachita Parish within 30 days; thus, Louisiana Downs waived its right to participate in any offtrack wagering facility in the parish.
Because we have decided that the Racing Commission’s decision was incorrect, we pretermit discussion of the appellants’ constitutional arguments.

Conclusion:

Accordingly, the trial court judgment affirming the decision of the Louisiana Racing Commission is reversed. The case is remanded to the Racing Commission for further proceedings.
REVERSED AND REMANDED.